AUTORIDAD DE ENERGÍA ELÉCTRICA DE PUERTO RICO, Plaintiff, Appellee,

v.

ERICSSON INC., f/k/a Ericsson GE Mobile Communications Inc.; Federal Insurance Company Defendants, Appellants.

John Doe, Defendant.

No. 99–2140.

United States Court of Appeals, First Circuit.

Heard Dec. 8, 1999.

Decided Jan. 6, 2000.

Roberto C. Quiñones–Rivera, with whom Samuel T. Céspedes, Carmen Hilda Busó, and McConnell Valdés were on brief, for appellants.

Cornelius J. Moynihan, Jr., with whom Alberto Cuevas Trisán and Juan A. Perez Lopez were on brief, for appellee.

Before SELYA, BOUDIN, and LYNCH, Circuit Judges.

LYNCH, Circuit Judge.

In 1992, Autoridad de Energía Eléctrica de Puerto Rico (the Puerto Rico Electric Power Authority) entered into a $7.5 million contract with Ericsson GE Mobile Communications, Inc., to purchase a trunk radio system guaranteed to function for

fifteen years. The Authority, or PREPA, generates, transmits, and distributes almost all of the electricity used in the Commonwealth. PREPA came to think that the equipment it had purchased was not Y2K-compliant. In July 1999, PREPA sued Ericsson in the courts of the Commonwealth for a declaration that Ericsson was required to upgrade the equipment (without further charge) under the contract and for injunctive relief to the same effect.

Ericsson removed the case to federal court based on diversity and moved to stay all proceedings under the Y2K Act, Pub.L. No. 106-37, 113 Stat. 185 (1999) (codified at 15 U.S.C. §§ 6601-6617). In the meantime, PREPA moved to remand to the Commonwealth court based on Article 28 of the contract, which PREPA characterized as a forum-selection clause. Without acting on Ericsson's Y2K Act stay motion, the federal district court remanded the matter to the Commonwealth court.

Ericsson appealed and this court issued a stay of the remand order. Our stay order permitted the district court to address ordinary matters that were not inconsistent with the prosecution of the appeal. PREPA had taken no action in the district court in the interim as of the time of oral argument.

The appeal raises several issues, most of which are of first impression for this court. First, does 28 U.S.C. § 1447 preclude jurisdiction in this court in a removed case to review a remand order based on a contract's forum-selection clause? The question is complicated by the need to consider the effect of the 1996 amendment to 28 U.S.C. § 1447(c). Second, does the final judgment rule nonetheless bar review of this case, or does the case fall within one of that rule's exceptions? Third, does the language of the contractual clause mean that the parties agreed only that they would consent to jurisdiction in the Commonwealth courts or, alternatively, that those courts would have exclusive jurisdiction? Fourth, should this court address

Ericsson's contention that the Y2K Act mandates that a stay of the district court proceedings be issued?

We conclude that we have jurisdiction. Remand orders based on contractual forum clauses are not within the bar on appellate review in 28 U.S.C. § 1447(d). We also join every other circuit court that has addressed the issue in holding that forum clause-based remand orders fall within the collateral order doctrine, are final for the purpose of the final judgment rule, and, consequently, are subject to review by direct appeal. Further, we conclude that the district court erred in its reading of the clause and that its remand of the case to the Commonwealth courts was improper. A clause that simply consents to jurisdiction in one court does not by its terms exclude jurisdiction in another court. This case is properly in the federal courts and we conclude that the district court should address the matter of the Y2K Act stay in the first instance.

## I. Jurisdiction in this Court

### A. The Effect of 28 U.S.C. § 1447

■ This court has not previously addressed the issue of whether review is available when the remand was based on a forum-selection clause; other circuits have concluded that there is appellate jurisdiction because a forum-selection clause is not a ground stated in § 1447(c) as to which review is precluded. See Snapper, Inc. v. Redan, 171 F.3d 1249, 1255-57 n. 8 & 15 (11th Cir.1999) (citing cases). At oral argument, PREPA's able counsel conceded that we would have jurisdiction to review the remand order unless the 1996 amendment to 28 U.S.C. § 1447(c) altered the prior analysis in the case law. He also admitted that there would be jurisdiction if this court accepted the Eleventh Circuit's analysis in Snapper.

We briefly explain what is at issue. The question is whether to apply here the bar to review of certain remand orders contained in § 1447(d):

[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise.

In 1976, the Supreme Court held that the prohibition in § 1447(d) applies only to remand orders based on the grounds specified in § 1447(c). *See Thermtron Prods., Inc. v. Hermansdorfer,* 423 U.S. 336, 346, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). In 1988, the text of § 1447(c) was revised. It no longer spoke of remands for cases "improvidently removed" or "without jurisdiction," the language interpreted by *Thermtron.* Instead, the new language spoke of remands "on the basis of any defect in removal procedure" or for lack of "subject matter jurisdiction." In 1996, the statute was amended again. It now provides:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).

Commentators have suggested a possible reading of the amendments to the effect that § 1447(c) now covers all remand orders. *See* David D. Siegel, *Commentary on 1996 Revision of Section 1447(c),* 28 U.S.C.A. § 1447 (West Supp.1999) (the new language is "like a residuary clause"); *see also* Thomas R. Hrdlick, *Appellate Review of Remand Orders in Removed Cases: Are They Losing a Certain Appeal?,* 82 Marq. L.Rev. 535, 561–69 (1999).

The basic issue, since there is no question of lack of federal subject matter jurisdiction, is whether the term "defect," as used in the statute, encompasses a remand order that is based on an interpretation of a forum clause in a contract. We think not, for two reasons. First, the text of the statute provides a reasonable meaning for the term "defect," a meaning that refers to the failure to comply with the various requirements for a successful removal, as set forth in § 1446(a) and (b). Much less plausible would be a reading of the term "defect" that encompassed a remand based on a forum-selection clause.

There is a second consideration. If Congress had truly desired to overrule *Thermtron* and its progeny, we think it would have chosen less oblique means. The Eleventh Circuit's well-documented analysis of the context and history of the legislative revisions to the statute convince us that Congress had no such intent. *See Snapper,* 171 F.3d at 1254–59; *see also* Hrdlick, *supra,* at 576 (arguing that the legislative "history suggests Congress did not intend a radical alteration of . . . the appellate bar"). We join the Eleventh Circuit's conclusion in *Snapper* that § 1447(d) is not a bar to review of a remand order based on a forum-selection clause.

## B. *Final Judgment Rule*

■ This circuit has never addressed the question of whether forum clause-based remand orders are reviewable by appeal, as an exception to the normal rule that only final judgments are reviewable. In *Thermtron,* the Supreme Court had stated that "an order remanding a removed action does not represent a final judgment reviewable by appeal." *Thermtron,* 423 U.S. at 352–53, 96 S.Ct. 584. But this language was limited by *Quackenbush v. Allstate Insurance Co.,* 517 U.S. 706, 711–15, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996), which held that an abstention-based remand order was reviewable by an interlocutory appeal. The Court found that this type of remand order was reviewable since it satisfied the collateral order doctrine and was final in the sense that it put the plaintiff out of federal court. *See id.* at 714–15, 116 S.Ct. 1712. PREPA says that *Quackenbush* cannot be transferred to remand orders based on forum clauses.

The circuit courts of appeals that have addressed this issue have all concluded that remand orders based on forum-selection clauses are reviewable by interlocutory appeal. *See Florida Polk County v. Prison Health Servs., Inc.,* 170 F.3d 1081, 1083 (11th Cir.1999); *Milk N' More, Inc. v. Beavert,* 963 F.2d 1342, 1344–45 (10th Cir.1992); *McDermott Int'l, Inc. v. Lloyds*

*Underwriters,* 944 F.2d 1199, 1204 & n. 7 (5th Cir.1991); *Foster v. Chesapeake Ins. Co.,* 933 F.2d 1207, 1211 & n. 6 (3d Cir. 1991); *Regis Assocs. v. Rank Hotels (Mgmt.) Ltd.,* 894 F.2d 193, 194–95 (6th Cir.1990); *Karl Koch Erecting Co. v. New York Convention Ctr. Dev. Corp.,* 838 F.2d 656, 658–59 & n. 1 (2d Cir.1988); *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.,* 741 F.2d 273, 277–78 (9th Cir.1984); *see also Benson v. SI Handling Sys., Inc.,* 188 F.3d 780, 782 (7th Cir.1999) (holding that remand order in successive removal is reviewable); *Pennsylvania Nurses Ass'n v. Pennsylvania State Educ. Ass'n,* 90 F.3d 797, 801 (3d Cir.1996) (same for supplemental jurisdiction-based remand order); *Gaming Corp. of Am. v. Dorsey & Whitney,* 88 F.3d 536, 542 (8th Cir.1996) (same). For the same reasons the abstention-based remand order was reviewable in *Quackenbush,* we find that the forum-based remand order is reviewable and we join the other circuits that have so found.

The two circuit cases on which PREPA relies predate *Quackenbush* and have been abrogated. *See Doughty v. Underwriters at Lloyd's, London,* 6 F.3d 856, 864 (1st Cir.1993) (finding no appellate jurisdiction over abstention-based remand order); *Garcia v. Island Program Designer, Inc.,* 4 F.3d 57, 59–60 (1st Cir.1993) (same).

## II. *The Forum Clause*

■ Having confirmed our jurisdiction to hear this appeal, we turn to the forum clause, the basis for the district court's remand order. The forum clause, Article 28 of the contract between the parties, provides:

> This contract will be governed and interpreted pursuant to the Laws of the Commonwealth of Puerto Rico and the parties agree to submit to the jurisdiction of the courts of the Commonwealth of Puerto Rico.

The district court summarily allowed the remand motion, saying only that "Article 28 demonstrates the parties' clear intention to litigate matters related to the contract in the Commonwealth courts."

Ericsson urges error on two bases: first, the language is plain that the clause is nothing more than a consent to personal jurisdiction in the courts of the Commonwealth; and, second, if there were any obscurity in the language, the clause must, under Puerto Rico law, *see* P.R. Laws Ann. tit. 31, § 3478, be construed against the originator of the language. Ericsson is incorporated and has its principal place of business outside of Puerto Rico, facts that support Ericsson's reading.

PREPA counters with two arguments: the clause is not ambiguous and Puerto Rico law requires, even if the language were unclear, that the evident intention of the parties shall prevail. *See* P.R. Laws Ann. tit. 31, § 3471. If the language were ambiguous, PREPA says, the usual rule under Puerto Rico law—that any obscurity should be read against the drafter—should not apply. The clause should not be construed against PREPA because, while PREPA drafted the clause, it says it considers itself the underdog fighting against a big international corporation. The parties agree that Puerto Rico law governs the contract interpretation question.

■ Our review of the contract interpretation question is de novo. *See Lambert v. Kysar,* 983 F.2d 1110, 1112 (1st Cir.1993). The outcome of this question is determined by our 1993 decision in *Redondo Construction Corp. v. Banco Exterior De Espana S.A.,* 11 F.3d 3 (1st Cir.1993). There, plaintiff sued in federal court in Puerto Rico and defendant defended on the basis that a forum clause required the action to be brought in Florida. *See id.* at 5. This court disagreed. The contract clause in *Redondo* stated:

> Borrower and the Guarantors each hereby expressly submits to the jurisdiction of all Federal and State Courts located in the State of Florida.

*Id.* We read the clause to be an affirmative conferral of personal jurisdiction by con-

sent, and not a negative exclusion of jurisdiction in other courts. *See id.* at 6. We do so here as well. Several circuits have interpreted such forum clause language similarly. *See John Boutari & Son, Wines & Spirits, S.A. v. Attiki Importers & Distribs., Inc.,* 22 F.3d 51, 53 (2d Cir.1994); *Caldas & Sons, Inc. v. Willingham,* 17 F.3d 123, 127–28 (5th Cir.1994); *Hunt Wesson Foods, Inc. v. Supreme Oil Co.,* 817 F.2d 75, 77 (9th Cir.1987).

Of some weight is PREPA's argument that this clause would be rendered mere surplusage by such a reading given that Ericsson had qualified to do business in Puerto Rico at the time of the contract and so there was no need for a consent to personal jurisdiction in the courts of Puerto Rico. *See, e.g., Florida Polk,* 170 F.3d at 1083–84. But the argument is not persuasive. PREPA, a frequent litigant in the federal courts, could easily have drafted the contract to provide for exclusive jurisdiction in the Commonwealth courts if that were its intent. And that Ericsson had qualified to do business at the time of the contract did not mean that it would continue to do so at all times within the statute of limitations on the contract. Finally, PREPA had an obvious interest in cutting off any possible litigation on personal jurisdiction grounds, even if the issue was unlikely to be raised. *See McDermott Int'l,* 944 F.2d at 1206 n. 10 (explaining the value of consent to personal jurisdiction by foreign corporations). Because we decide this as a matter of the language of the contract,[1] we do not discuss Ericsson's alternative argument that a waiver of a statutory right of removal must be "clear and unequivocal." *See, e.g., In re Delta Am. Re Ins. Co.,* 900 F.2d 890, 892 (6th Cir. 1990).

Accordingly, the order remanding the case to the Commonwealth courts was error.

III. *The Y2K Act and the Motion for Stay*

■ The Y2K Act, which generally governs civil actions related to Y2K failure, establishes an initial cooling-off period designed to facilitate resolution of Y2K problems through voluntary efforts or alternative dispute resolution. In particular, the Act requires potential plaintiffs to file a pre-litigation notice. *See* 15 U.S.C. § 6606(a). The potential defendant has thirty days to respond with a plan to remediate or to enter into alternative dispute resolution. *See id.* § 6606(c). If the defendant fails to respond within thirty days, the plaintiff may file suit on the thirty-first day. *See id.* § 6606(d). If the defendant does respond, an additional sixty days is allowed to resolve the problem. *See id.* § 6606(e). Where, as here, the plaintiff fails to provide pre-litigation notice, the defendant may treat the complaint as such notice by so informing the court. *See id.* § 6606(f). If any defendant elects to treat the complaint as notice,[2] the Act provides that "the court shall stay all discovery and all other proceedings in the action for the *appropriate period* after filing of the complaint." *Id.* (emphasis added). PREPA concedes that the Y2K Act applies, but disputes Ericsson's contention that it was entitled to a stay.

Ericsson continues to press for a stay, pointing out that it has been in litigation since this action started. PREPA, in turn, points out that a stay, under the statute, should be "for an appropriate period," *id.* § 6606(f), and that five months have

---

1. PREPA points to *Bristol Babcock, Inc. v. Puerto Rico Electric Power Authority,* 930 F.Supp. 710, 711 (D.P.R.1996), to support its contention that the forum clause is mandatory and not permissive. But other cases in the District of Puerto Rico have held otherwise, *see Action Corp. v. Toshiba Am. Consumer Prods., Inc.,* 975 F.Supp. 170, 175–76 (D.P.R. 1997); *Cummings v. Caribe Mktg. & Sales Co.,*

959 F.Supp. 560, 563–66 (D.P.R.1997), and, in any case, such a conclusion is in conflict with this circuit's decision in *Redondo.*

2. Ericsson says that it has informed the district court that it would treat the complaint as a pre-litigation notice.

passed since the complaint was filed. In response to questions from this court at oral argument, both parties conceded that the matter of a stay is better decided by the district court in the first instance. We agree.

Accordingly, we *vacate* the district court's order of remand to the Commonwealth court and *remand* the case to the district court for further proceedings consistent with this opinion. Costs are awarded to appellants.