**CLAIR AERO, INC., et al., Plaintiffs**

v.

**TRADEWINDS MUTUAL INSURANCE, LLC., et al., Defendants.**

**Civil No. 06–1184 (FAB).**

United States District Court, D. Puerto Rico.

May 15, 2007.

Francisco E. Colon–Ramirez, Colon, Colon & Martinez, Francisco M. Troncoso–Cortes, Richard Schell–Asad, Troncoso & Schell, San Juan, PR, for Plaintiffs.

Sixto Manuel Diaz–Saldana, Jaime F. Agrait–Llado, Agrait Llado Law Office, San Juan, PR, PHV Alejandro Herran, PHV John S. Hoff, Hoff & Collins, Chicago, IL, for Defendants.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

A District Court may refer pending dispositive motions to a Magistrate Judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Rule 72(a). Any party adversely affected by the report and recommendation may file written objections within ten days of being served with the Magistrate Judge's report. *See* 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop*, 389 F.Supp.2d 189, 191–92 (D.P.R.2005) (*citing United States v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). Failure to comply with this rule precludes further review. *See Davet v. Maccarone*, 973 F.2d

22, 30–31 (1st Cir.1992). In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." 28 U.S.C. § 636(a)(b)(1). *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir.1985); *Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.*, 286 F.Supp.2d 144, 146 (D.P.R.2003). Furthermore, the Court may accept those parts of the report and recommendation to which the parties do not object. *See Hernandez–Mejias v. General Elec.*, 428 F.Supp.2d 4, 6 (D.P.R.2005) (*citing Lacedra v. Donald W. Wyatt Detention Facility*, 334 F.Supp.2d 114, 125–126 (D.R.I. 2004)).

On April 30, 2007, the United States Magistrate Judge issued a Report and Recommendation in this case, recommending that the Defendant Diaz Aviation's "Special Appearance pursuing Dismissal of this Case" (Docket No. 10) be denied. No objections have been filed.

The undersigned, however, has made an independent examination of the record in this case and **ADOPTS** the magistrate judge's findings and recommendations as the opinion of this Court.

Accordingly, Diaz Aviation's request for dismissal of this case is hereby **DENIED**.

**IT IS SO ORDERED.**

## REPORT AND RECOMMENDATION

VELEZ–RIVE, United States Magistrate Judge.

## INTRODUCTION

On April 4, 2007, co-defendant Díaz Aviation Corporation ("Díaz Aviation"), without submitting to the jurisdiction of this Court, filed a "Special Appearance pursuing Dismissal of this Case" claiming the existence of a contractual "choice of forum clause" through which plaintiff Clair Aero,

Inc. ("Clair Aero") agreed to submit any controversies arising amongst themselves to the jurisdiction of the courts of the Commonwealth of Puerto Rico. Díaz Aviation submitted as an exhibit a copy of a receipt handed to plaintiff Captain Bruno Brodie ("Captain Brodie") wherein the clause in question appears on the backside. (Docket No. 10).

On April 26, 2007, plaintiffs Clair Aero and Captain Brodie filed their opposition to the above request for dismissal claiming this Court has jurisdiction to entertain this case under the clause in question pursuant to the decisions of the Court of Appeals of the First Circuit in *Redondo Construction Corp. v. Banco Exterior de Espana, S.A.*, 11 F.3d 3 (1st Cir.1993) and *Autoridad De Energia Electrica De P.R. v. Ericsson Inc.*, 201 F.3d 15 (1st Cir.2000) in which similar forum selection clauses were interpreted and jurisdiction of this court was found. In the alternative, plaintiffs aver the clause in question is null and void because it was handed to Captain Brodie after the parties had completed their contractual obligations. Plaintiffs attached to their opposition a statement under penalty of perjury of Captain Brodie. (Docket No. 16).

On February 26, 2007, the above pleadings were referred to this Magistrate Judge for report and recommendation. (Docket Nos. 50 and 51).

## MOTION TO DISMISS STANDARD UNDER RULE 12(B)(2)

■ A motion to dismiss based upon a forum-selection clause is treated as one alleging the failure to state a claim for which relief can be granted. Fed.R.Civ.P. 12(b)(6); *Silva v. Encyclopedia Britannica Inc.*, 239 F.3d 385, 387–388 (1st Cir.2001).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may, in

response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Still, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see Miranda v. Ponce Fed. Bank,* 948 F.2d 41 (1st Cir.1991).

The Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Romero–Barcelo v. Hernandez–Agosto,* 75 F.3d 23, 28 n. 2 (1st Cir.1996) (*quoting Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988)). The Court, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss. *Abbott, III v. United States,* 144 F.3d 1, 2 (1st Cir.1998) (*citing Shaw v. Digital Equip. Corp.,* 82 F.3d 1194, 1216 (1st Cir.1996)).

## ANALYSIS

The prevailing view towards contractual forum-selection clauses is that "such clauses are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Silva,* 239 F.3d at 386; *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).

The Court of Appeals for the First Circuit had the opportunity to review forum-selection clauses similar to the one in this case in *Redondo Construction Corp.,* 11 F.3d at 3 and *Ericsson,* 201 F.3d at 15, as submitted by plaintiffs.

In *Redondo Construction Corp.,* 11 F.3d at 5–6, the agreement provided that the "[b]orrower and the Guarantors each hereby expressly submit to the jurisdiction of all Federal and State courts located in the State of Florida." Defendant in *Redondo Construction Corp.* argued that this clause prohibited plaintiff from suing in the District of Puerto Rico. The Court of Appeals for the First Circuit ruled that "[a]ffirmatively conferring Florida jurisdiction by consent does not negatively exclude any other proper jurisdiction. *See Hunt Wesson Foods, Inc. v. Supreme Oil Co.,* 817 F.2d 75, 77 (9th Cir.1987). There is a total difference between 'expressly' and 'exclusively.' " *Id.*

Similarly, in *Ericsson,* 201 F.3d at 18, the forum clause provided as follows: "[t]his contract will be governed and interpreted pursuant to the laws of the Commonwealth of Puerto Rico and the parties agree to submit to the jurisdiction of the courts of the Commonwealth of Puerto Rico." The Court of Appeals for the First Circuit made reference to the *Redondo Construction Corp.* decision and stated that it "read the clause to be an affirmative conferral of personal jurisdiction by consent and not a negative exclusion of jurisdiction in other courts." *Id.,* 201 F.3d at 18–19. In addition, the Court of Appeals for the First Circuit stated that several circuits had interpreted such forum clause language similarly. *Id.; see John Boutari & Son, Wines & Spirits, S.A., v. Attiki Importers & Distribs., Inc.,* 22 F.3d 51, 53 (2d Cir.1994); *Caldas & Sons, Inc. v. Willingham,* 17 F.3d 123, 127–28 (5th Cir.1994); *Hunt Wesson,* 817 F.2d at 77.

Turning to the instant case, the forum clause in question reads as follows: "[s]hould there be a controversy between the parties to this contract, including their

agents, successors or assigns, the parties expressly submit themselves to the jurisdiction of the Courts of the Commonwealth of Puerto Rico." (Docket No. 10).

 A reading of the forum clause asserted by co-defendant Díaz Aviation in this case shows that it is identical to the forum clauses subject to review by the Court of Appeals of the First Circuit in *Redondo Construction Corp.* and *Ericsson.* Thus, as in these two cases, the forum clause object of this case in which "the parties expressly submit themselves to the jurisdiction of the Courts of the Commonwealth of Puerto Rico" (Docket No. 10) is "an affirmative conferral of personal jurisdiction by consent, and not a negative exclusion of jurisdiction in other courts." *Ericsson,* 201 F.3d at 18–19.

The forum clause in this case provides for "expressly" submitting to the jurisdiction of a given forum, and nor for "exclusively" submitting to the jurisdiction of one particular forum. Thus, this court has jurisdiction to entertain this case. Accordingly, and in accordance with the jurisprudence above cited, it is recommended that Díaz Aviation's "Special Appearance pursuing Dismissal of this Case" (Docket No. 10) be DENIED.[1]

### CONCLUSION

In view of the above, it is recommended that co-defendant Díaz Aviation's "Special Appearance pursuing Dismissal of this Case" (Docket No. 10) be DENIED.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this

1. Due to the fact that our recommendation is based on jurisprudence of the Court of Appeals of the First Circuit which is clearly on point, we need not delve any further. Ac-

order. *Henley Drilling Co. v. McGee,* 36 F.3d 143, 150–151 (1st Cir.1994); *United States v. Valencia–Copete,* 792 F.2d 4 (1st Cir.1986). *See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 991 (1st Cir.1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

April 30, 2007.

cordingly and in light of our recommendation, it is not necessary to discuss the merits of plaintiffs' argument in the alternative that the forum selection clause is invalid.