Charles S. STEEN SEIJO,
et al., Plaintiff(s)

v.

BEN R. MILLER, INC.,
et al., Defendant(s).

No. 04–2420 (JAG).

United States District Court,
D. Puerto Rico.

Oct. 29, 2007.

Edward M. Borges, Borges Law Center, Jane A. Becker–Whitaker, San Juan, PR, for Plaintiff.

Rafael J. Martinez–Garcia, Nigaglioni & Ferraiuoli Law Offices PSC, Veronica Ferraiuoli–Hornedo, Nigaglioni & Ferraiuoli Law Offices PSC, San Juan, PR, for Defendant.

## OPINION AND ORDER

JAY A. GARCIA–GREGORY, District Judge.

Pending before the Court is Charles Sanford Steen–Seijo and Eric Sergio Steen–Seijo's ("Plaintiffs") "Motion Requesting Reopening of this case and Other Relief" pursuant to Rule 60(b)(3) of Federal Rules of Civil Procedure. (Docket No.

44). For the reasons set forth below, the Court **DENIES** Plaintiffs' Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 18, 2006, the parties filed a Stipulation for Dismissal with Prejudice, (Docket No. 42), upon which this Court entered judgement on December 19, 2006. (Docket No. 43). Plaintiffs have now filed a "Motion Requesting Reopening of this case and Other Relief" pursuant to Rule 60(b)(3). Plaintiffs aver that the Settlement Agreement, (Docket No. 46, Exh. A), between the parties should be nullified. According to Plaintiffs, their consent was procured by fraud because, in the settlement process, they were not made aware of Defendants Ben R. Miller, Jr. And John G. Davies ("Defendants") ongoing negotiations to sell certain real estate. (Docket No. 44).

On June 18, 2007, Defendants were ordered to show cause why the relief requested by Plaintiffs should not granted. (Docket No. 45). In compliance therewith, on June 19, 2007, Defendants filed an opposition to Plaintiffs' Rule 60(b)(3) motion based on the fact that Plaintiffs' motion failed to establish any of the requirements for the avoidance of the forum selection clause agreed upon by the parties in the Settlement Agreement. (Docket No. 46). Specifically, paragraph 7.00 of the Settlement Agreement states in part that:

> The Parties consent to the exclusive jurisdiction and venue of the 19th Judicial District Court in and for East Baton Rouge Parish, Louisiana with respect to making, interpretation and enforcement of this Agreement and agree that all actions concerning the making, interpretation or enforcement of this Agreement shall be brought and maintained only in that court and in no other, and with respect to such issues. All parties irrevocably and unconditionally submit to and waive all objections to venue and personal jurisdiction in the 19th Judicial District Court in and for East Baton Rouge Parish, Louisiana for such purposes. (Docket No. 46, Exh. A).

On July 2, 2007, Plaintiffs filed an opposition to Defendants' motion in which they allege that the forum selection clause is unenforceable because Puerto Rico law renders an agreement procured by fraud non-existent and, as such, none of its provisions are enforceable. (Docket No. 47). On October 18, 2007, Defendant filed a Surreply to Plaintiffs' opposition in which they contend that Plaintiffs' motion should be dismissed based on the fact that they have not alleged that the forum selection clause was obtained by fraud. (Docket No. 53).

## STANDARD OF REVIEW

1. *Rule 60(b)(3) Motion for Relief from Judgement*

There is no question that motions to open judgments pursuant to Rule 60(b), including motions alleging fraud under Rule 60(b)(3), are addressed to the discretion of the Court. *Manning v. Trustees of Tufts College*, 613 F.2d 1200 (1 Cir., 1980); *Pagan v. American Airlines, Inc.*, 534 F.2d 990 (1 Cir., 1976). The burden of establishing fraud is on the movant, and relief from a judgment under this rule may be granted only when an application is clearly substantiated by adequate, convincing proof. *See, e.g., Jennings v. Hicklin*, 587 F.2d 946 (8th Cir.1978); *Wilkin v. Sunbeam Corp.*, 466 F.2d 714 (10 Cir., 1972); *DiVito v. Fidelity and Deposit Co. of Maryland*, 361 F.2d 936 (7 Cir., 1966). *See also Geigel v. Sea Land Service, Inc.*, 44 F.R.D. 1 (D.P.R., 1968) (finality of judgments requires Rule 60(b) motions to be closely scrutinized).

Moreover, in order to justify vacation of a judgment, movant under Rule

60(b) must also make a showing that he would have had a good defense to the main action. *Wilkin v. Sunbeam Corp.*, 466 F.2d 714 (10 Cir., 1972). Certainly, a litigant may not use Rule 60(b) merely to relitigate the merits of his claim, and no different rule applies simply because the judgment sought to be vacated was a summary judgment. *Mastini v. American Telephone and Telegraph Co.*, 369 F.2d 378 (2 Cir.1966); *Frito–Lay of Puerto Rico, Inc. v. Canas*, 92 F.R.D. 384, 395 (D.P.R.1981).

## DISCUSSION

■■■ While a plaintiff's choice of forum is ordinarily given deference by the courts, this deference is inappropriate when the parties have entered into a contract providing for a different forum. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 880 (3rd Cir.1995); *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir.1989); *Outek Caribbean Distribs. v. Echo, Inc.*, 206 F.Supp.2d 263, 266 (D.P.R.2002). The prevailing view towards contractual forum selection clauses is that they are prima facie valid and should be enforced unless doing so is shown by the resisting party to be unreasonable under the circumstances. *See M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10–13, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). In *Bremen*, the Supreme Court held that enforcement of such clauses is consistent "with ancient concepts of freedom of contract," and that refusal to do so would be a "heavy hand indeed on the future development of inter-

national commercial dealings by Americans." *Id.* at 11–12.

■■■ A fundamental question in evaluating the effect to be afforded to a forum selection clause is whether its language is mandatory or permissible. *See Autoridad de Energía Eléctrica v. Ericsson Inc.*, 201 F.3d 15 (1st Cir.2000). A mandatory clause is one that requires that the litigation be brought only in the chosen forum, to the exclusion of others. *Id.* at 19; *Redondo Construction Corp. v. Banco Exterior de España*, 11 F.3d 3, 6 (1st Cir.1993). A permissible clause, on the other hand, is one that allows the parties to litigate in the chosen forum, but does not purport to exclude them from litigating in some other forum that otherwise has jurisdiction. *Id.* When found to be mandatory, courts will ordinarily enforce a forum selection clause.[1]

■■■ The question of whether to enforce a forum selection clause is one of federal law. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29–31, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). Because of *Erie*,[2] however, the situation is theoretically more complex when federal jurisdiction is based on diversity of citizenship. Nevertheless, given the similarity between federal law and Puerto Rico law concerning enforcement of forum selection clauses,[3] the First Circuit has applied federal common law when interpreting them in a diversity context. *See Silva v. Encyclopedia Britannica Inc.*, 239 F.3d 385, 387 n. 1 (1st Cir.

**1.** Note, however, that a mandatory forum selection clause does not divest a court of jurisdiction that it otherwise retains. Rather, the clause merely constitutes a stipulation in which the parties join in asking the court to give effect to their agreement by declining to exercise its jurisdiction. Therefore, "exclusive jurisdiction" in this context refers to the intent of the parties rather than the actual power of the court. *See Bremen*, 407 U.S. at 12, 92 S.Ct. 1907; *Silva v. Encyclopedia Bri-*

*tannica, Inc.*, 239 F.3d 385, 389 n. 6 (1st. Cir.2001).

**2.** *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

**3.** *See Unisys v. Ramallo*, 128 D.P.R. 842 (1991)(stating that the Puerto Rico Supreme Court has adopted the federal jurisprudence regarding general enforceability of forum selection clauses).

2001); *Lambert v. Kysar*, 983 F.2d 1110, 1116–17 (1st Cir.1993) ("In cases where federal law and state law coincide on the issue in question, it is unnecessary for the court to make a full *Erie* analysis").

▆▆▆ Under First Circuit standards, a party opposing the enforcement of a forum selection agreement must show that the particular clause: 1) was not "freely negotiated" or was the result of fraud[4]; 2) contravenes a strong public policy of the forum where the suit is brought; or 3) the party challenging its enforceability shows that trial in the contractual forum will be so gravely difficult and inconvenient that it will, for all practical purposes, be deprived of its day in court. *Miró González v. Avatar Realty, Inc.*, 177 F.Supp.2d 101, 104 (D.P.R.2001) (quoting *Bremen*, 407 U.S. at 18, 92 S.Ct. 1907). A party may not avoid the effect of a forum selection clause by alleging fraud or coercion in the inducement of the contract at issue. *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 519 n. 14, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974); *see also Lambert v. Kysar*, 983 F.2d 1110, 1121 (1st Cir.1993). Rather the party has the burden of demonstrating that "the inclusion of that clause in the contract was the product of fraud or coercion." *Id.*

▆▆▆ After carefully reading paragraph 7.00 of the Settlement Agreement, this Court finds that the language therein contained expresses a mandatory choice of forum. In said clause, the parties consented to irrevocably submit to the "exclusive jurisdiction and venue of the 19th Judicial District Court in and for East Baton Rouge Parish, Louisiana." This is, indeed, very sweeping and unequivocal language.[5]

In order to avoid the enforcement of the above mentioned forum selection clause, Plaintiffs merely alleges that their consent to the settlement agreement was obtained by fraud. However, Plaintiffs do not state that the forum selection clause itself was made a part of the Settlement Agreement by means of fraud or overreaching. Thus, Plaintiffs have failed to show that the forum selection clause is unenforceable as "unreasonable under the circumstances."[6]

Since the forum selection clause is valid, Plaintiffs should refer to the 19th Judicial District Court in and for East Baton Rouge Parish, Louisiana for any grievances that they may have with regards to the enforcement of the Settlement Agreement. As such, this Court denies Plaintiffs' "Motion Requesting Reopening of this case and Other Relief."

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Plaintiffs' "Motion Requesting Reopening of this case and Other

---

4. Under Rule 9(b) of the Federal Rules of Civil Procedure, it is incumbent upon the plaintiff "to plead with particularity the facts giving rise to the fraudulent concealment claim." *Epstein v. C.R. Bard, Inc.*, 460 F.3d 183, 189–190 (1st Cir.2006); *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1255 (1st Cir.1996). It is well-established that "[t]his rule entails specifying in the pleader's complaint the time, place, and content of the alleged false or fraudulent representations." *Powers v. Boston Cooper Corp.*, 926 F.2d 109, 111 (1st Cir. 1991).

5. *Autoridad de Energía Eléctrica v. Ericsson Inc.*, 201 F.3d 15, 18 (1st Cir.2000).

6. *See A.I. Credit Corp. v. Liebman*, 791 F.Supp. 427, 430 (D.N.Y.1992)(The Court held that Defendant failed to show that the forum selection clause was unenforceable because even though he alleged that his consent to the contract was obtained by fraud, he did not allege that the forum selection clause was made part of the contract by means of fraud.)

Relief" pursuant to Rule 60(b)(3). (Docket No. 44).

IT IS SO ORDERED.