# United States Court of Appeals
## For the First Circuit

---

No. 00-1539

HERIBERTO SILVA,

Plaintiff, Appellant,

v.

ENCYCLOPEDIA BRITANNICA INC. and
ENCYCLOPEDIA BRITANNICA USA (EBUSA INC.),

Defendants, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Héctor M. Laffitte, U.S. District Judge]

---

Before

Torruella, Chief Judge,

Lynch and Lipez, Circuit Judges.

---

Osvaldo Pérez-Marrero, was on brief, for appellant.
María I. Santos-Rivera, with whom Fiddler, González & Rodríguez, LLP, were on brief, for appellee.

---

February 14, 2001

---

**TORRUELLA, Chief Judge.** Plaintiff-appellant Heriberto Silva brought suit in the District of Puerto Rico against his employer, Encyclopedia Britannica, Inc. and Encyclopedia Britannica U.S.A. (collectively "Britannica"), for breach of contract. The contract, which granted appellant commissions for selling products manufactured by Britannica, contained the following choice-of-law and forum-selection clause: "This agreement shall be governed and construed by the laws of the State of Illinois and all actions involving this agreement must be brought in the State of Illinois." The district court concluded that the forum-selection clause was valid, enforceable and mandatory and dismissed the suit without prejudice. For the reasons set forth below, we affirm.

## DISCUSSION

The prevailing view towards contractual forum-selection clauses is that "such clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972).[1] Appellant advances three arguments

---

[1] As the district court noted, there is no conflict between federal common law and Puerto Rico law regarding the enforceability of forum-selection clauses. See Stereo Gema, Inc. v. Magnadyne Corp., 941 F. Supp. 271, 276 (citing Unisys Puerto Rico v. Ramallo Bros. Printing, Inc., 91 J.T.S. 69, 8855-56 (1991) (D.P.R. 1996)) (stating that the Puerto Rico Supreme Court has adopted the federal jurisprudence regarding general enforceability of forum-selection clauses). We therefore follow the reasoning of the district court and do not reach the Erie issue of which law should apply to forum-selection clauses in

against enforcing the forum-selection clause here. First, according to Silva, Britannica waived its venue defense by failing to assert it timely and properly. Silva also contends that the forum-selection clause at issue is permissive, rather than mandatory. Finally, Silva re-asserts the grounds rejected by the district court in support of his claim that the clause is unreasonable and should not be enforced. We review a district court's dismissal based on a forum-selection clause de novo. Lambert v. Kysar, 983 F.2d 1110, 1111 (1st Cir. 1993).

## A.

Shortly after commencement of this suit, Britannica filed a motion to dismiss for lack of subject-matter jurisdiction against all plaintiffs except Silva.[2] See Fed. R. Civ. P. 12(b)(1). The court granted the motion as to these plaintiffs, and discovery continued with respect to only Silva's claims. Over a year later, Britannica filed the motion to dismiss which is the subject of this appeal. Appellant argues that by failing to consolidate this defense with its initial

---

suits based upon diversity of citizenship. See Lambert v. Kysar, 983 F.2d 1110, 1116 & n.10 (1st. Cir. 1993) (declining to confront "the daunting question whether forum-selection clauses are to be treated as substantive or procedural for Erie purposes," observing that the Supreme Court has not yet resolved the issue, and noting circuit split on proper approach).

[2] The original complaint was filed by Silva and sixteen other former independent contractors employed by Britannica. The court dismissed the fifteen remaining plaintiffs for failing to meet the required amount in controversy for diversity jurisdiction. See 28 U.S.C. § 1332(a).

12(b) motion against the other plaintiffs, Britannica was barred from raising the issue later by Fed. R. Civ. P. 12(g), which reads:

> A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.

Silva claims that for the same reason, Britannica has waived its defense under Fed. R. Civ. P. 12(h)(1)(A), which states that "[a] defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived if omitted from a motion in the circumstances described in subdivision (g)."

Appellant misconstrues the law of this Circuit, under which a motion to dismiss based upon a forum-selection clause is treated as one alleging the failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6).[3] Lambert, 983 F.2d at 1112 n.1;

---

[3] This is only one of the variegated views among the circuits concerning the appropriate vehicle for a motion to dismiss based on a forum-selection clause. The Third Circuit joins this Court in characterizing the motion as a Rule 12(b)(6) defense, see Instrumentation Assocs., Inc. v. Madsen Elecs. (Canada) Ltd., 859 F.2d 4, 6 n.4 (3d Cir. 1988), while other circuits have considered such motions as based on Rule 12(b)(3) (improper venue), see Lipcon v. Underwriter's at Lloyd's, London, 148 F.3d 1285, 1289 (11th Cir. 1998); Richards v. Lloyd's of London, 135 F.3d 1289, 1292 (9th Cir. 1998);

-4-

<u>LFC Lessors, Inc.</u> v. <u>Pacific Sewer Maint. Corp.</u>, 739 F.2d 4, 7 (1st Cir. 1984); <u>cf.</u> <u>Ningret Dev. Corp.</u> v. <u>Narragansett Indian Wetuomuck Hous. Auth.</u>, 207 F.3d 21, 34 (1st Cir. 2000) (vacating judgment focusing on forum-selection clause under Rule 12(b)(6) for reconsideration of exhaustion of tribal remedies under Rule 12(b)(1)). Consequently, in this Circuit, a motion to dismiss by reason of a forum-selection clause is covered by Rule 12(h)(2), which states that "[a] defense of failure to state a claim upon which relief can be granted . . . may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits." Fed. R. Civ. P. 12(h)(2). This provision constitutes an exception to the consolidation requirement of Rule 12(g) and therefore a motion to dismiss on forum-selection grounds is not bound

---

<u>Frietsch</u> v. <u>Refco, Inc.</u>, 56 F.3d 825, 830 (7th Cir. 1995); <u>Commerce Consultants Int'l</u> v. <u>Vetrerie Riunite</u>, 867 F.2d 697, 698 (D.C. Cir. 1989), or on Rule 12(b)(1) (lack of subject matter jurisdiction), <u>see</u> <u>AVC Netherland B.V.</u> v. <u>Atrium Inv. P'ship</u>, 740 F.2d 148, 153 (2d Cir. 1984). Still others have not yet decided the issue. <u>See</u> <u>Haynsworth</u> v. <u>Lloyd's of London</u>, 121 F.3d 956, 961 (5th Cir. 1997) (refraining from resolving the "enigmatic question of whether motions to dismiss on the basis of forum-selection clauses are properly brought as motions under Fed. R. Civ. P. 12(b)(1), 12(b)(3), or 12(b)(6), or 28 U.S.C. § 1406(a)"); <u>Shell</u> v. <u>R.W. Sturge, Ltd.</u>, 55 F.3d 1227, 1229 (6th Cir. 1995) (stating only that the enforceability of a forum-selection clause is reviewable <u>de novo</u>); <u>Riley</u> v. <u>Kingsley Underwriting Agencies, Ltd.</u>, 969 F.2d 953, 956 (10th Cir. 1992) (observing that such motions are "frequently analyzed as [motions] to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3)," but failing to resolve the question).

to the strict limitations of 12(h)(1).[4]  See Frietsch v. Refco, Inc.,
56 F.3d 825, 830 (7th Cir. 1995) (observing that if the motion to
dismiss were based on 12(b)(6), defendant "would escape the clutches of
Rule 12(h)(1)").

Accordingly, a motion to dismiss based on a forum-selection
clause may be raised at any time in the proceedings before disposition
on the merits.  Cf. Brown v. Trustees of Boston Univ., 891 F.2d 337,
357 (1st Cir. 1989) (holding that by waiting until after the jury
reached its verdict, University had waived its Rule 12(b)(6) defense).
Britannica met this requirement by filing its motion to dismiss before
the completion of discovery.[5]  Although, as appellant points out,
Britannica erroneously characterized this motion to dismiss as one
based on improper venue, "we are not bound by the label below, and
agree that the case should have been dismissed." LFC Lessors, Inc.,
739 F.2d at 7 (citing Carr v. Learner, 547 F.2d 135, 137 (1st Cir.
1976)).

**B.**

We next turn to whether the language of the forum-selection
clause is permissive or mandatory.  To support his contention in favor
of the former, appellant cites our recent opinion in Autoridad de

---

[4] For this reason, we do not address whether Britannica was required
to join its defenses against all plaintiffs into a single motion.

[5] We do not consider Britannica's assertion that it raised this defense
in its answer to appellant's complaint.

Energía Eléctrica de P.R. v. Ericsson Inc., 201 F.3d 15 (1st Cir. 2000). In that case, we evaluated a forum-selection clause which provided: "The parties agree to submit to the jurisdiction of the courts of Puerto Rico." This Court read that language as "an affirmative conferral of personal jurisdiction by consent, and not a negative exclusion of jurisdiction" in the federal district court. Id. at 18-19. Appellant argues that the same interpretation applies in the instant case. We disagree.

Our holding in Ericsson did not create a general rule for forum-selection clauses, as Silva intimates in his brief. Rather, we based our conclusion on the specific language of the contract at issue. In fact, we explicitly noted that had they so desired, the parties "could easily have drafted the contract to provide for exclusive jurisdiction in the Commonwealth courts."[6] Id. at 19. The contract

---

[6] We emphasize, however, that even a mandatory forum-selection clause does not in fact divest a court of jurisdiction that it otherwise retains. See Zapata, 407 U.S. at 12 ("No one seriously contends . . . that the forum-selection clause 'ousted' the District Court of jurisdiction over Zapata's action."); LCF Lessors, Inc., 739 F.2d at 6 ("[S]uch a provision does not oust the jurisdiction of the courts.") (quoting Central Contracting Co. v. Maryland Cas. Co., 367 F.2d 341, 345 (3d Cir. 1966)); cf. Brown, 891 F.2d at 357 ("[I]t is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction.") (quoting Bell v. Hood, 327 U.S. 678, 682 (1946)). Rather, "[the clause] merely constitutes a stipulation in which the parties join in asking the court to give effect to their agreement by declining to exercise its jurisdiction." LCF Lessors, Inc., 739 F.2d at 6 (quoting Central Contracting Co., 367 F.2d at 345). "Exclusive jurisdiction" in this context thus refers to the intent of the parties rather than the actual power of the court.

here reflects precisely such a case: the word "must" expresses the parties' intention to make the courts of Illinois the exclusive forum for disputes arising under the contract.  See Zapata, 407 U.S. at 2 (holding that a contract stating that "[a]ny dispute arising must be treated before the London Court of Justice" required the court to exercise its jurisdiction no further than necessary to enforce the forum-selection clause) (emphasis added); accord Keaty v. Freeport Indon., 503 F.2d 955, 956-57 (5th Cir. 1974) (citing Zapata as an example of "a situation where the contract, on its face, clearly limit[ed] actions thereunder to courts of a specified locale").  We therefore conclude that the forum-selection clause is mandatory.

## c.

Since the motion to dismiss was timely raised and the clause is mandatory, we will uphold the district court's decision unless "enforcement would be unreasonable and unjust, or . . . the clause [is] invalid for such reasons as fraud or overreaching."  Zapata, 407 U.S. at 15.  Silva points out that the contract  contained boilerplate provisions not subject to negotiation and that the forum-selection clause was in small print on the back of the contract.  He also places great weight on the "overwhelming bargaining power and influence" of Britannica in the hiring process to support his view that the clause is unenforceable.  These reasons fall short of meeting the required

criteria for establishing "fraud or overreaching," id., nor do these reasons render the enforcement of the clause "unreasonable and unjust." Id.

First, that the forum-selection clause is a "boilerplate" provision does not ipso facto render it invalid. "It is not the law that one must bargain for each and every written term of a contract." Lambert, 983 F.2d at 1119-20 (internal quotation omitted); see also Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593 (1991) (refusing to find a nonnegotiated forum-selection clause in a form ticket unenforceable "simply because it is not the subject of bargaining"). Similarly, the placement of the clause on the reverse side of the contract is of little consequence where, as here, it is printed clearly in plain language and in a contract of reasonable length. Lambert, 983 F.2d at 1120. Finally, Britannica's alleged bargaining power is not relevant on these facts. Britannica used its bargaining power to do nothing more than offer an appealing employment opportunity to appellant, and no evidence suggests that he was coerced into entering the agreement. All that remains, then, is an arms-length transaction, the terms of which are binding on both parties. As such, the enforcement of those terms is not unreasonable, and hence the case was properly dismissed.

## CONCLUSION

The order of the district court is **affirmed.**