**HOEKSTRA, et al., Plaintiff(s)**

v.

**CARIBBEAN CRUISES, LTD., et al, Defendant(s).**

**Civil No. 04–1044(JAG).**

United States District Court, D. Puerto Rico.

March 9, 2005.

Miguel E. Gierbolini–Gierbolin, Gierbolini Law Office, San Juan, PR, for Plaintiffs.

Paul E. Calvesbert–Borgos, Juan J. Martinez–Rodriguez, Calvesbert Law Offices PSC, San Juan, PR, for Defendants.

## OPINION AND ORDER[1]

GARCIA–GREGORY, District Judge.

Pending before this Court is Defendants' Motion to Dismiss under Rule 12(b)(6) for failure to state a claim (Docket No. 11) and Defendants' Motion to Dismiss for Improper Venue (Docket No. 19). Having reviewed the Motions, the Court **DENIES** the Motion to Dismiss under Rule 12(b)(6) and **DENIES** the Motion to Dismiss for Improper Venue.

### I.   Factual Background

On April 2003, Mr. Pieter Hoekstra and Mrs. Alexandra Breeveld[2] ("Plaintiffs") made a direct booking and purchase with Celebrity Cruises, Inc. ("Celebrity").[3] The cruise ship Constellation was to commence a 14–night transatlantic voyage on April 26, 2003, departing from San Juan, Puerto Rico bound for the Port of Harwich England. Being aware that Celebrity had a policy not allowing women who were in an advanced stage of pregnancy on board for travel, the Plaintiffs contacted Celebrity Cruises customer service department three days before the departure date to seek clarification regarding the aforementioned policy. After several conversations with the customer service department, Mr. Hoekstra and Mrs. Breeveld were assured that she could board the ship because at the time of the scheduled boarding she would be only twenty-five weeks pregnant.

Relying on the information that was given to them by Celebrity Cruises's customer service department, plaintiffs boarded a transatlantic flight to Miami from their home in The Netherlands. After an overnight stay at the Miami Airport Hilton, Mr. Hoekstra and Mrs. Breeveld traveled to San Juan on the morning of April 26, 2003. Upon arriving in Puerto Rico, plaintiffs headed to Pier # 4 at the San Juan

---

1. The Court's jurisdiction to entertain this case is based on 28 U.S.C. § 1332 (diversity of citizenship) and under 28 U.S.C. § 1331(federal question). Plaintiffs causes of action may be summarized as follows: 1) Breach of contract under Puerto Rico law, and 2)discrimination under the Fourteenth and Fifth Amendments, alleging that they were not allowed on board not because of the advanced-stage pregnancy, but because they are an interracially related couple.

2. Plaintiffs are residents and citizens of Rijnsburg, Netherlands

3. Prior to the direct-booking, the Plaintiffs attempted to make reservations through a Dutch travel agency. However, after the travel agency representative explained to Mrs. Breeveld that under the cruise line's policy pregnant women would not be able to travel past the 25th week of pregnancy. Hence, the Hoekstra–Breeveld reservations were cancelled. (Docket No. 26 at Exh. 1).

Port to board their cruise. After waiting for several hours and meeting with various Celebrity employees, including the ship's doctor, the plaintiffs were not allowed to board the ship because according to Celebrity, the ship would at least five(5) days at sea without medical assistance if it became necessary.

As a result, Plaintiffs filed this breach of contract and constitutional-tort action seeking compensatory and punitive redress for the losses of their failed vacation.

## II. Defendants' Motion to Dismiss under Rule 12(b)(6)

On July 12, 2004, the Defendant Royal Caribbean International ("Royal") filed a Motion to Dismiss under Rule 12(b)(6) for Failure to State a Claim (Docket No. 11). In it, the Defendant alleges that the complaint should be dismissed against because the pleadings, as drafted, failed to assert a valid claim against Royal. The Defendant further contends that although Royal is the parent company of Celebrity Cruises, Inc. ("Celebrity"), Royal and Celebrity are two distinct and separate corporate entities, and therefore, under the doctrine of corporate separateness, the complaint fails to state a claim upon which relief can be granted against Royal.

As of today, said Motion to Dismiss is unopposed. However, on August 17, 2004, Plaintiffs filed an Amended Complaint (Docket No. 18) to include more allegations against Royal. In their amended complaint Plaintiffs allege that Royal's liability results from its failure to properly train and supervise employees of its subsidiary, Celebrity. (Id. at ¶ 4.7).

## A. Rule 12(b)(6) Standard

Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim

which would entitle him to relief. *See Brown v. Hot, Sexy and Safer Prods., Inc.*, 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.*, 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*citing Correa–Martinez*, 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988).

After carefully considering the record, the Court finds that the factual allegations, as set forth in the amended complaint, are sufficient to establish a possible legal theory against Defendant Royal Caribbean. It is a general principle of corporate law that a parent corporation is not liable for the acts of its subsidiaries. See *United States v. Bestfoods*, 524 U.S. 51, 61, 118 S.Ct. 1876, 141 L.Ed.2d 43 (1998). However, several exceptions exist to this general rule, whereby a parent company party could be held liable for the subsidiary's conduct. *Id.* At this point of the litigation, the Court will not dismiss the plaintiffs' action against defendant Royal because plaintiffs are raising the possibility that Royal, as a parent compa-

ny, developed policies for the subsidiary and had the duty to train the subsidiary's employees. However, Defendant Royal is not precluded from raising the corporate separateness argument at a summary judgment stage where plaintiff carries a heavy burden of overcoming the presumption of separateness by clear evidence. *Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902 (1st Cir.1980); *See also Satellite Broadcasting Cable, Inc. v. Telefonica de Espana*, 786 F.Supp. 1089 (D.P.R.1992) (where the court did not dismiss the complaint under Rule 12(b)(6) finding that the facts alleged against the parent company defeated the motion to dismiss). In light of the foregoing, the Court **DENIES** the Motion.

### B. Motion to Dismiss for Improper Venue under Rule 12(b)(3)

On August 18, 2004, defendants Royal and Celebrity filed a Motion to Dismiss the action for improper venue (Docket No. 19). The Defendants move to dismiss the action because the passage contract contains a forum selection clause that designates Miami, Florida, as the exclusive forum for resolution of disputes arising from contract of passage. The Defendants claim that the ticket contract, as well as the travel brochure, "reasonably communicates" the forum selection clause to the passengers, including plaintiffs, who although not technically passengers, had imputed knowledge of the provisions of the travel contract. Accordingly, the defendants seek dismissal under the forum selection clause contracted by the parties.[4]

On November 1, 2004, after the Court granted an extension of time, Plaintiffs filed an opposition to the Motion to Dismiss for Improper Venue. Plaintiffs claim that 1) that the forum selection clause was not reasonably communicated to plaintiffs, and that 2) in the alternative, the court should transfer the case rather than dismiss it for improper venue.

### Standard

The First Circuit construes a motion to dismiss premised on a forum selection clause "as one alleging failure to state a claim for which relief can be granted under Fed.R.Civ.P. 12(b)(6)." *Silva v. Encyclopedia Britannica, Inc.*, 239 F.3d 385, 387 (1st Cir.2001). In Puerto Rico, there is no conflict between federal common law and Puerto Rico law regarding the enforceability of forum selection clauses. *Id.* at 387 n. 1. As a rule, forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances" *M/S Bremen v. Zapata Off-Shore, Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513(1972); *Outek Caribbean Distribs., Inc. v. Echo, Inc.*, 206 F.Supp.2d 263 (D.P.R.2002). Since the clause is mandatory, the Court will enforce it unless "enforcement would be unreasonable and unjust, or ... the clause [is] invalid for such reasons as fraud or overreaching." *Zapata*, 407 U.S. at 15, 92 S.Ct. 1907; *see also Miro Gonzalez v. Avatar Realty, Inc.*, 177 F.Supp.2d 101, 104 (D.P.R.2001)(noting that when the parties agree to a forum selection clause, the resisting party must show the unreason-

---

**4.** Here, the forum selection clause on the ticket contract states as follows:

"It is agreed by and between passenger and carrier that all disputes and matters whatsoever arising under, in connection with or incident to this contract shall be litigated, if at all, in and before a Court located in Miami, Flori-

da, to the exclusion of the courts of any other state, territory or country. Passenger hereby waives any venue or other objection that he may have to any such action or proceeding being brought in any court located in Miami, Florida."

ableness of enforcement under the circumstances).

### Applicable Law/Analysis

The Supreme Court of the United States has upheld the validity of forum selection clauses in passenger contracts. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). The First Circuit has established a two-pronged test to evaluate the legitimacy of forum selection clauses under a "reasonable communicativeness" standard. The First Circuit explained the two prongs as follows:

■ First, a court must examine the facial clarity of the ticket contract and whether its language and appearance make the relevant provisions sufficiently obvious and understandable. The second prong focuses on the 'circumstances of the passenger *possession* and familiarity with the ticket,' which involves scrutiny of any extrinsic factors indicating the passenger's ability to become meaningfully informed of the contractual terms at stake. (Emphasis added) *See Shankles v. Costa Armatori*, 722 F.2d 861, 864–866 (1st Cir.1983); *Lousararian v. Royal Caribbean Corp.*, 951 F.2d 7, 8–9 (1st Cir.1991).

Courts have stated that once the terms and conditions of a ticket contract have been "reasonably communicated" to the passenger, they are enforceable, whether or not the passenger actually read them. *See Gomez v. Royal Caribbean Cruise Lines*, 964 F.Supp. 47, 50 (D.P.R.1997)(*citing Coleman v. Norwegian Cruise Lines*, 753 F.Supp. 1490 (W.D.Mo.1991)). Furthermore, Courts have also held that notice of important conditions of a passage contract can be imputed to a passenger who has not personally received the ticket or possession thereof. *Marek v. Marpan Two*, 817 F.2d 242, 247 (3rd Cir.1987); see also *Kientzler v. Sun Line Greece Ship-*

*ping*, 779 F.Supp. 342 (S.D.N.Y.1991) (circumstantial evidence indicated that ticket contract was received by a co-worker of the plaintiff, as agent.).

In *Gomez*, supra, plaintiffs filed suit seeking a fare refund because the plaintiffs never boarded the ship due to a family member's illness. In transferring the case due to a forum selection clause, the District Court found that the passenger had imputed knowledge, among other reasons, because upon making the reservation and paying for the fare the plaintiffs received a travel brochure which contained the forum selection clause.

■ The case at hand is, however, distinguishable from *Gomez*. Here, the Plaintiffs could not have prior knowledge of the forum selection clause given that they did not receive any documentation before arriving in Puerto Rico because they were supposed to pick up the relevant documents at the pier. In light of the stated facts, the Court may not impute to plaintiffs the required knowledge to enforce the forum selection clause. Therefore, the case may not be dismissed or transferred based on the applicability of a forum selection clause.

### CONCLUSION

In light of the aforementioned, the Court **DENIES**, both, the Motion to Dismiss under Rule 12(b)(6) and Motion to Dismiss for Improper Venue.

IT IS SO ORDERED.