STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: ~~AP05-66~~

.3 P.K. CUM-
12/19 2006  cv06.439

DONALD L. GARBRECHT
LAW LIBRARY

JAN 19 2007

CLEAN HARBORS ENVIRONMENTAL
SVCS.

Plaintiff

ORDER ON DEFENDANT'S
MOTION TO DISMISS

v.

THOMAS JAMES

Defendant

This case is before the Court on Defendant's Motion to Dismiss.

## BACKGROUND

Plaintiff Clean Harbors Environmental Services, Inc. ("Clean Harbors") is a Massachusetts corporation. Its business consists of waste transportation and disposal, site investigation, emergency response, chemical cleaning, and other environmental services. Defendant Thomas James ("James") worked for Clean Harbors as a Chemical Cleaning Specialist from 1999 to 2006. He resigned voluntarily on February 17, 2006. Several years into his employment with Clean Harbors, James signed a non-competition agreement at the company's request, as he had access to client files and other confidential information. The agreement specified that he would not utilize this information or disclose it to third parties while he was employed by Clean Harbors or afterward. Also, James agreed not to compete with Clean Harbors in its business territory, which includes the State of Maine and other eastern states, for one year after leaving the company.

1

Currently, James works for Philip Services Corporation, a competitor of Clean Harbors.

Clean Harbors brought this action, alleging breach of the non-competition agreement, misappropriation of trade secrets, conversion, and unfair competition. The company seeks damages and an injunction that would prohibit James from competing, as provided in the agreement. James has moved for dismissal of this action, arguing that disputes about the agreement are to be governed by Massachusetts law, and that Massachusetts courts have sole jurisdiction. Clean Harbors agrees that Massachusetts law applies, but contends that, while the forum clause allows Massachusetts courts to have jurisdiction, it does not require the claim to be brought there.

## DISCUSSION

1.    Standard of Review.

A motion to dismiss "tests the legal sufficiency of the complaint." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83, 85. The Court should dismiss a claim only "when it appears 'beyond doubt that [the] plaintiff is entitled to no relief under any set of facts that [it] might prove in support of [its] claim.'" *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994) (quoting *Hall v. Bd. of Envtl. Protection*, 498 A.2d 260, 266 (Me. 1985)).

2.    Is Massachusetts The Proper Forum For This Dispute?

Defendant moves to dismiss this case solely on the grounds that the agreement's forum selection clause requires disputes to be adjudicated in Massachusetts. Clean Harbors contends that, in an effort to provide flexibility, it gave Massachusetts "permissive" jurisdiction, not "mandatory" jurisdiction. It

2

also argues that the clause is better characterized as a "content to jurisdiction" clause, not a forum selection clause.

"Forum selection clauses are prima facie valid" and generally are enforceable unless the result would be unjust or would contradict the forum's public policy. *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). In addition, ambiguities in contractual interpretation are to be construed against the drafter because the drafter has created the instrument, and courts seek to effectuate the parties' intentions. *See Monk v. Morton*, 139 Me. 291, 295, 30 A.2d 17, 19 (1943).

For example, the United States District Court for the District of Maine held that an insurance policy's clause requiring that any coverage dispute "shall be determined in the Supreme Court of Nova Scotia" was mandatory and enforceable. *Nelson v. CGU Ins. Co. of Canada*, 2003 U.S. Dist. LEXIS 5924 (D. Me. Apr. 10, 2003). The United States Court of Appeals for the First Circuit reached a similar result when analyzing a contract that made Illinois courts the sole forum for litigation. *Silva v. Encyclopedia Britannica, Inc.*, 239 F.3d 385, 389 (1st Cir. 2001). That court reasoned that adjudication in Illinois was required because "[t]he word 'must' expresses the parties' intention to make the courts of Illinois the exclusive forum for disputes arising under the contract." *Id.* at 389.

Here, Clean Harbors drafted the non-competition agreement, and it chose to make Massachusetts the exclusive forum for disputes regarding the agreement. The clause, contained in paragraph 9 of the agreement, reads: "This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts, and the parties hereby agree to submit to the jurisdiction of the courts of said Commonwealth for *all* disputes arising

3

under this Agreement" (emphasis added). This wording is almost exactly the same as that of the forum clauses in *Silva* and *Nelson*. Contrary to its assertion that Massachusetts is merely an optional forum, the language of the agreement explicitly requires disputes to be adjudicated in Massachusetts courts.

While case law clearly indicates courts' preference for enforcing forum selection clauses, the method for resolving cases on the basis of improper forum in Maine is less clear. The Law Court has not definitively addressed dismissal procedure in cases such as this. The First and Third Circuits have characterized it as dismissal on the basis of failure to state a claim upon which relief can be granted per Rule 12(b)(6). *See Silva*, 239 F.3d at 388 n.3. This Court, however, has noted that a forum clause challenge should be treated as a motion to dismiss for improper venue per Rule 12(b)(3), which is also the approach of the Eleventh and Ninth Circuits. *Bee Load Ltd. v. BBC Worldwide, Ltd.*, CUMSC-CV-2003-417 (Me. Super. Ct., Cum. Cty., May 15, 2006) (Humphrey, C.J.). But, in *Bee Load*, this Court went on to note that the result would be the same regardless of the approach used. *Id.*

As James has made a motion to dismiss per M.R. Civ. P. 12(b)(6), this Court will grant relief on that basis.

The entry is:

Defendant's motion to dismiss per M.R. Civ. P. 12(b)(6) is GRANTED.

DATE: _December 12, 2006_

Roland A. Cole
Justice, Superior Court

4

OF COURTS
erland County
). Box 287
Maine 04112-0287

RUSSELL PIERCE ESQ
PO BOX 4600
PORTLAND ME 04112



< OF COURTS
berland County
.O. Box 287
Maine 04112-0287

ROBERT KLINE ESQ
PO BOX 7859
PORTLAND ME 04112