D.I.P.R. MFG., INC.; Diorvett
International Zona Libre,
S.A., Plaintiff(s)

v.

**PERRY ELLIS INTERNATIONAL,
INC., et al., Defendant(s).**

Civil No. 06–2052(JAG).

United States District Court,
D. Puerto Rico.

Jan. 23, 2007.

Eric Perez–Ochoa, Adsuar Muñíz Goyco Seda & Pérez Ochoa PSC, San Juan, PR, for Plaintiffs.

Richard M. Graffam–Rodriguez and Roberto Abesada–Aguet, McConnell Valdes, San Juan, PR, for Defendants.

**OPINION AND ORDER**

GARCIA–GREGORY, District Judge.

Pending before the Court is a Motion to Dismiss filed by defendants Perry Ellis International and Perry Ellis International Europe ("Perry Ellis" or "the defendants") pursuant to Fed.R.Civ.P. 12(b)(6). (Docket No. 2). For the reasons set forth below, the Court **GRANTS** the Motion.

**FACTUAL AND PROCEDURAL**

## BACKGROUND[1]

Perry Ellis and plaintiff Diorvett International Zona Libre S.A. ("Diorvett") entered into a "Licence Agreement" ("the Agreement") on December 23rd, 2005, whereby Perry Ellis granted Diorvett the right to distribute the "Perry Ellis," "Perry Ellis Portfolio," and "Perry Ellis America" brands in the territory of Puerto Rico. On September 1st, 2006, Perry Ellis sent Diorvett a "Notice of Material Breach," because Diorvett had not paid royalties, had failed to submit its sales reports, and was unable to meet some sales quotas. Perry Ellis granted Diorvett a period of 15 days to address and cure the alleged violations. Diorvett, however, failed to comply with this deadline and, on September 18th, 2006, Perry Ellis sent a second letter immediately terminating the Agreement.

On September 29th, 2006, Diorvett and D.I.P.R. MFG., Inc. ("D.I.P.R.")(collectively, "plaintiffs"), filed suit against Perry Ellis in the Puerto Rico Court of First Instance, San Juan Part, seeking a declaratory judgment, a preliminary injunction and damages in the amount of $5,000,000.00, pursuant to Section 278b of the Puerto Rico Dealers' Act ("Act 75"), P.R. Laws Ann. Tit. 10 § 278b. Plaintiffs assert that the termination of the Agreement was premature, illegal, unjustified and in bad faith, because it allegedly received the notice of default on September 8th, 2006, and thus believed that the term of fifteen days granted by Perry Ellis to cure the violations expired on September 22nd, 2006. (Docket No. 1, Exhibit A at 3 ¶ 4).

On October 19th, 2006, Perry Ellis removed the case to this Court and, shortly thereafter, moved for the dismissal of the complaint based on a forum selection clause in which Diorvett agreed to the exclusive jurisdiction of the Federal and State courts of Florida for any dispute arising under the Agreement. (Dockets No. 1 & 2).[2]

On October 27th, 2006, the Court ordered plaintiffs to show cause why the case should not be dismissed or, alternatively, transferred to a federal venue in the State of Florida. (Docket No. 8). Plaintiffs responded on November 3rd, 2006, arguing that dismissal is not appropriate because: 1) plaintiff D.I.P.R. was not a party to the Agreement, and thus the forum selection clause is not enforceable against it; and 2) there has been an alleged "change in Puerto Rico's substantive treatment of forum selection clauses" which "annuls the precedential value of the several cases cited by the Defendants in support of their Motion to Dismiss." (Docket No. 9 at 2–3). No other argument is advanced against the enforcement of the forum selection clause.

On November 14th, 2006, Perry Ellis replied that D.I.P.R. is closely related to Diorvett and has economically benefitted from the Agreement. Likewise, that D.I.P.R. is estopped from setting forth a breach of contract claim while simultaneously claiming that it is not a party to it. As for the purported change in Puerto

---

1.  The Court takes the relevant facts from the Complaint. (Docket No. 1, Exhibit A).

2.  The clause in question reads as follows:
    [t]he parties hereby consent to the exclusive jurisdiction of the Federal and State courts of Florida in any disputes arising under this Agreement. This Agreement shall be deemed to have been made, entered into, and finally executed and delivered in the State of Florida and all rights and duties of the parties hereto shall be governed, controlled, interpreted and defined by and under the laws of the State of Florida except the rules governing choice of law. Venue for all lawsuits involving the agreement shall be the State or Federal Courts of Florida. (Docket No. 1, Exhibit A).

Rico law regarding forum selection clauses, Perry Ellis contends that the Court is bound by First Circuit case law that holds that Act 75 does not prevent the enforcement of forum selection clauses. (Docket No. 12 at 5–6).

The controversy is thus limited to determining whether the forum selection clause contained in Section 22 of the Agreement is enforceable in a case brought under Act 75 and, if that is the case, whether the clause in question is applicable against a party that is not a signatory to the Agreement. Considering that the defendants' request was for dismissal, and that neither party addressed the propriety of a transfer of venue under 28 U.S.C. § 1404(a), the Court will employ a Rule 12(b)(6) standard.[3]

## STANDARD OF REVIEW

### A. *Motion to Dismiss Standard.*

Pursuant to Fed. R.Civ.P. Rule 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Brown v. Hot, Sexy, and Safer Prods., Inc.,* 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massa-chusetts Institute of Tech.,* 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*citing Correa–Martinez,* 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

### B. *Forum Selection Clause*

Forum selection clauses are an increasingly important phenomenon in business contracting. Parties choose to select a forum in advance for different reasons, among them: convenience; a particular forum's expertise in a specific area of the law; or simply to minimize the risk of complicated and expensive litigation over the threshold question of jurisdiction.

The prevailing view towards contractual forum selection clauses is that they are prima facie valid and should be enforced unless doing so is shown by the resisting party to be unreasonable under the circumstances. *See M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 10–13, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). In *Bremen,* the Supreme Court held that enforcement of such clauses is consistent "with ancient concepts of freedom of contract," and that refusal to do so would be a "heavy hand indeed on the future development of international commercial dealings by Americans." *Id.,* at 11–12.

The question of whether to enforce a forum selection clause is ordinarily one of federal law. *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29–31, 108 S.Ct. 2239,

---

**3.** The First Circuit construes a motion to dismiss premised on a forum selection clause as one alleging failure to state a claim for which relief can be granted under Fed.R.Civ.P. 12(b)(6). *See Silva v. Encyclopedia Britannica, Inc.,* 239 F.3d 385, 387 (1st Cir.2001).

101 L.Ed.2d 22 (1988). Because of *Erie,*[4] however, the situation is theoretically more complex when federal jurisdiction is premised on diversity of citizenship. Nevertheless, given the similarity between federal law and Puerto Rico law concerning enforcement of forum selection clauses, the First Circuit has applied federal common law when interpreting them in a diversity context. *See Silva v. Encyclopedia Britannica Inc.,* 239 F.3d 385 (1st Cir.2001); *Lambert v. Kysar,* 983 F.2d 1110, 1116–17 (1st Cir.1993)("In cases where federal law and state law coincide on the issue in question, it is unnecessary for the court to make a full *Erie* analysis").

■ Under First Circuit standards, a party opposing the enforcement of a forum selection agreement must show that the particular clause: 1) was not freely negotiated or was the result of fraud; 2) contravenes a strong public policy of the forum where the suit is brought; or 3) the party challenging its enforceability shows that trial in the contractual forum will be so gravely difficult and inconvenient that it will, for all practical purposes, be deprived of its day in court. *Miro Gonzalez v. Avatar Realty, Inc.,* 177 F.Supp.2d 101, 104 (D.P.R.2001) (quoting *M/S Bremen,* 407 U.S. at 18, 92 S.Ct. 1907).

## DISCUSSION

1. *Is D.I.P.R. bound by the forum selection clause?*

Plaintiffs claim that D.I.P.R. was not a signatory to the Agreement and, consequently, it is not bound by its terms, "including, without limitation, the forum selection clause invoked by Defendants in support of dismissal." (Docket No. 9 at 4). The Court disagrees.

■ It has been held that when the alleged conduct of non-parties to a contract "is closely related to the contractual relationship, all the participants, parties and non-parties, should benefit from and be subject to any forum selection clauses contained in the same." *Hugel v. Corporation of Lloyd's,* 999 F.2d 206, 209 (7th Cir.1993); *Banco Popular de Puerto Rico v. Airborne Group PLC,* 882 F.Supp. 1212, 1216 (D.P.R.1995)(citing *Coastal Steel v. Tilghman Wheelabrator Ltd.,* 709 F.2d 190, 202–203 (3rd Cir.1983)). In the case at bar, plaintiffs admit that Diorvett does business through D.I.P.R., and that Diorvett and D.I.P.R. "have been truly and effectively in charge of the distribution of the [Perry Ellis] Products in Puerto Rico." (Docket No. 1, Exhibit A at ¶¶ 18–19). Moreover, a review of the verified complaint shows that both Diorvett and D.I.P.R. seek relief under Act 75 based on Perry Ellis' purported breach of the Agreement, and support the claim by arguing that "the plaintiffs have substantially complied with all of *their* obligations under the Agreement." *Id.,* at ¶ 56 (emphasis added). Plaintiffs' own averments thus show that D.I.P.R.'s is closely related to Diorvett, and that it has economically benefitted from the Agreement. Therefore, the Court finds that D.I.P.R. is subject to the forum selection clause contained in the Agreement.

2. *Enforceability of the forum selection clause*

The plaintiffs contend, based on the decision of the Puerto Rico Court of Appeals in *Maxon Engineering Services v. M.R. Franceschini,* 2001 WL 1764034 (2001), that there has been "an intervening change in Puerto Rico's substantive treatment of forum selection clauses ... which annuls the precedential value of the sever-

---

**4.** *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58    S.Ct. 817, 82 L.Ed. 1188 (1938).

al cases cited by Defendants in support of their Motion to Dismiss." (Docket No. 9 at 3). Specifically, plaintiffs claim that *Maxon* recognized § 278b–2 as a bar to the enforcement of forum selection clauses in contracts covered by Act 75.[5] In light of this, plaintiffs assert that Puerto Rico law diverges on this score from the federal standards and, accordingly, move the Court to disregard the posture assumed by the First Circuit in *Silva* and to engage in an *Erie* analysis. The argument is not persuasive.

The First Circuit has held, based on the Puerto Rico Supreme Court's decision in *Unisys Puerto Rico v. Ramallo*, 128 D.P.R. 842 (1991), that "there is no conflict between federal common law and Puerto Rico law regarding the enforceability of forum selection clauses" and, consequently, has declined to perform an *Erie* analysis when dealing with such clauses in a diversity context. *See Silva*, 239 F.3d at 386 n. 1. This approach is so firmly established that the District Court in Puerto Rico has consistently applied it throughout the last two decades, even when the case sets forth claims under Act. 75. *See Diaz–Rosado v. Auto Wax Co.*,[6] 2005 WL 2138794 (D.P.R. 2005) (holding that "the fact that a Puerto Rico statute proscribes the applicability of forum selection clauses does not mean that the Court will automatically disregard the

parties' freely negotiated contractual obligations ... [a]ccordingly, [the] argument that Puerto Rico's public policy as set forth in Act 75 prohibits the enforceability of forum selection clauses lacks merit and does not prevent dismissal in this case"); *Outek Caribbean Dist. Inc. v. Echo, Inc.*, 206 F.Supp.2d 263 (D.P.R.2002); *Maxon Engineering Services v. United Sciences, Inc.*, 34 F.Supp.2d 97, 100 (D.P.R.1998); *Stereo Gema, Inc. v. Magnadyne Corp.*, 941 F.Supp. 271, 272–75 (D.P.R.1996); *Caribe BMW v. Bayerische Motoren Werke*, 821 F.Supp. 802 (D.P.R.1993). This line of cases reflects the unequivocal stance taken by the Puerto Rico Supreme Court in *Unysis*, where the language is clear and expansive for the adoption of the federal standards on forum selection clauses. *See e.g. Caribe BMW*, 821 F.Supp. at 817 (recognizing that "the Puerto Rico Supreme Court has fully adopted the federal jurisprudence on forum-selection clauses and established a doctrinal approach that is in complete accord with federal law, thus obviating any *Erie*-type problems"). That is, even though that Court could have circumscribed its holding to a limited type of contracts, it chose to adopt the federal norms without caveats.[7]

Plaintiffs' argument regarding an alleged change of posture on the enforceabil-

**5.** § 278b–2 of Act 75 states as follows:

The dealer's contracts referred to in this chapter shall be interpreted pursuant to and ruled by the laws of the Commonwealth of Puerto Rico, and any other stipulation to the contrary shall be void.

Any stipulation that obligates a dealer to adjust, arbitrate or litigate any controversy that comes up regarding his dealer's contract outside of Puerto Rico, or under foreign law or rule of law, shall be likewise considered as violating the public policy set forth by this chapter and is therefore null and void.

**6.** This is a case by Judge Salvador Casellas which supersedes his prior decision in *Trian-*

*gle Trading, Inc. v. Robroy Industries, Inc.*, 952 F.Supp. 75 (D.P.R.1997), on which plaintiffs rely. Therefore, the Court will not discuss *Triangle* here.

**7.** The Court must note that a year before *Unisys*, the Puerto Rico Supreme Court held in *World Films, Inc. v. Paramount Pictures Corp.*, 125 D.P.R. 352 (1990) that insofar § 278b–2 conflicts with federal arbitration law, the latter shall prevail. Hence, it is reasonable to assume that the Supreme Court was aware of § 278b–2 when it decided *Unisys*.

ity of forum selection clauses is simply unsubstantiated. The only authority in support of their contentions is *Maxon,* which was not decided by Puerto Rico's highest court. Even though D.I.P.R. is right in pointing out that, under *Commissioner of Internal Revenue v. Estate of Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 18 L.Ed.2d 886 (19671), federal courts must give "proper regard" to rulings by intermediate state appellate courts, the Court is not persuaded to adopt plaintiffs' rationale for two reasons. First, after carefully reviewing the holdings in *Maxon,* the Court does not read the case as a demise of the rule established in *Unisys.* The statement on which plaintiffs rely is just *dicta,* as the controversy in *Maxon* is over an arbitration clause. That is, although the Puerto Rico Court of Appeals does mention that Act 75 prohibits the enforcement of forum selection clauses, that statement has no bearing in the outcome of the case. *Maxon,* 2001 WL 1764034 at *7. In fact, it is very difficult for the Court to read *Maxon* as abrogating or modifying *Unisys* when the latter is not even mentioned in the Puerto Rico Court of Appeals' opinion.

Second, even assuming that *Maxon* indeed stands for the proposition advanced by plaintiffs, the Court would still hesitate to acknowledge it as a change of posture in Puerto Rico law when, among other things, *Unisys* remains valid. *See Estate of Bosch,* 387 U.S. at 465 ("an intermediate appellate court . . . is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise").

■ Therefore, the Court finds that Puerto Rico law and the federal common law are in accord on the issue in question, and that, pursuant to *Lambert* and *Silva,* an *Erie* analysis is not necessary. The forum selection clause is thus presumed to be valid, and shall be enforced unless the resisting party shows it to be unreasonable under the circumstances. Since plaintiffs raise no other objections to the enforcement of said clause, the Court will grant the motion to dismiss.

## CONCLUSION

For the reasons discussed above, the Court hereby **GRANTS** the Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) filed by the defendants. All pending Motions are **MOOT.**

IT IS SO ORDERED.